The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 72365
Dear Senator Everett:
This is in response to your request for an opinion on the following:
 The Civil Defense Program for individual counties is financed, as I understand, about fifty percent by the State of Arkansas. The Veteran's Administration is financed to some extent by the federal government. Is there anything in the law that would prohibit the combining of these two offices so that one person could run both offices?[1]
I assume that your question envisions action taken by the county in combining the two offices, and not authorization through state legislation. Reference must initially be made in this regard to A.C.A. § 14-14-807 (1987), which addresses the exercise of local legislative power by a county. Amendment 55 to the Arkansas Constitution states that "[a] county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." Ark. Const. amend. 55, § 1(a). Section14-14-807 sets forth provisions that are a "prohibition on a county acting other than as provided." Subsection (5) of §14-14-807 states:
 All laws directing or requiring a county government, or any officer or employee of a county government, to carry out any function or provide any service. However, nothing in this subdivision shall be construed to prevent counties from abolishing or consolidating an office under the provisions of Arkansas Constitution, Amendment 55, § 2, Part (b),[2] nor the reassignment of statutory delegated functions or services which such reassignment is permitted by law if the abolition, consolidation, or reassignment shall not alter the obligation of the county to continue providing the services previously provided by the abolished or consolidated office.
Section 14-14-807 may thus provide authority for the reassignment of functions or services in this instance, as long as the county's obligation to provide the services is not altered thereby. It is my understanding that the proposal being considered would involve the transfer of functions currently performed by the local director of emergency services to the county veterans' service officer. Assuming that the functions or services required of the emergency services director (see primarily A.C.A. § 12-75-118) are not altered, it appears that there is general authority for combining the offices.
Particular consideration should, however, be given to the fact that minimum standards for local emergency services directors may be prescribed by the State Office of Emergency Services ("State Office"). A.C.A. § 12-75-118(i)(2). Failure to meet any such standards or noncompliance with any part of Chapter 75 of Title 12 (The Arkansas Emergency Services Act of 1973) may result in the State Office's decision to reduce or terminate funding for emergency services programs in which the county participates.Id. It should also be noted that local directors of emergency services are approved for participation in federal funding by the State Director of Emergency Services. A.C.A. § 12-75-118(i)(1). Consultation with the State Office of Emergency Services concerning the proposal may be indicated in light of these provisions.
With regard to the county veterans' service officer position, it should be noted that the state Department of Veterans' Affairs ("Department") supervises the activities, training and testing of such officers. See A.C.A. §§ 20-81-102(b)(2) and20-81-106(b)(2). This supervisory role suggests the need for apprising the Department of the county's proposed combination of these two offices. Consultation with the Department may also be prudent in light of the fact that state financial assistance for paying the salaries and expenses of county veterans' service officers is only provided to those counties employing a service officer who meets the training and testing qualifications, scheduled number of monthly work hours, and other qualifications prescribed by the Department. See A.C.A. § 20-81-106(a)(3).
While it is therefore my opinion that combining the positions of local director of emergency services and county veterans' service officer would not, as a general matter, be contrary to law, consideration must be given to the foregoing concerns. I believe that these concerns highlight the prudency of, if not the need for consultation with the respective state offices exercising authority in these areas.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] I assume that by referencing the "Civil Defense Program" you mean the local program or plan for disaster and major emergency preparedness and response. The office involved in your question is, according to my understanding, a local office of emergency services (see A.C.A. § 12-75-118 (1987)), which is headed by a local director of emergency services. Id. at subsection (i). With regard to the "Veteran's Administration," it is my understanding that this has reference to a county office that represents the concerns of veterans and their dependents, and specifically the position of county veterans' service officer. See A.C.A. § 20-81-106 (Repl. 1991).
[2] Because your question pertains to appointive rather than elective positions, Section 2(b) of Amendment 55 is not applicable.